UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARTHA ALDRICH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5729** |
| **DBP HOLDING CORP** | **SECTION: "G"(4)** |

### ORDER AND REASONS

This litigation arises out of Plaintiff Martha Aldrich's claims for damages following an alleged fall at the David's Bridal Store in Slidell, Louisiana. Plaintiff originally filed this action in state court, but Defendant DBP Holding Corporation removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] Upon review of this matter, it appears that the Court does not have subject matter jurisdiction over this controversy. Even if the plaintiff does not file a motion to remand, the Court must address the jurisdiction issue *sua sponte* since a "party may neither consent to nor waive federal subject matter jurisdiction."[2] "[S]ubject matter delineations must be policed by the courts on their own initiative."[3] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[4]

### I. Background

**A.     Factual Background**

Ms. Aldrich alleges that on or about July 25, 2012, she was shopping at the David's Bridal

---

[1] Rec. Doc. 1.

[2] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[3] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

[4] 28 U.S.C. § 1447(c).

Store in Slidell, Louisiana.[5] According to her petition, as Ms. Aldrich exited the fitting room, she "fell violently to the ground . . . after slipping on a plastic-like piece of debris left on the floor of the showroom."[6] As a result of the incident, Ms. Alrich allegedly sustained "[a] dislocated shoulder, shoulder pain, [and] arm pain" and had to undergo "shoulder surgery."[7] Ms. Aldrich alleges that her injuries "are serious in nature and require continuing medical care and treatment."[8]

## B.     Procedural Background

On July 23, 2013, Plaintiff filed suit in Louisiana state court, claiming that Defendant was negligent in "fail[ing] to timely and appropriately clean up the floors."[9] Plaintiff seeks damages for "medical damages; physical pain and suffering; mental and emotional pain and suffering; loss of enjoyment of life; permanent physical disability; [and] inconvenience" in addition to "expenses, statutory and legal interest, and court costs."[10] Defendant was served by Plaintiff on August 6, 2013.[11]

On September 4, 2013, Defendant removed this case to federal court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[12] In its Notice of Removal, Defendant avers that "while Defendant does not admit to any element of causation or damages, it has met the burden of showing by a preponderance of the evidence the amount in controversy is expected to exceed the sum or

---

[5] Rec. Doc. 1-1 at ¶ 4 and ¶ 5.

[6] *Id.* at ¶ 5.

[7] *Id.* at ¶ 7.

[8] *Id.*

[9] *Id.* at ¶ 6.

[10] *Id.* at ¶ 12.

[11] Rec. Doc. 1 at 2.

[12] Rec. Doc. 1.

value of $75,000, exclusive of interest and costs."[13] Defendant further provides a quantum study of seven allegedly similar cases in which general damages ranged from $50,000 to $150,000.[14]

In preparation for the parties' status conference[15] held on December 12, 2013, it came to the Court's attention that it may not have subject matter jurisdiction over this matter.[16] Accordingly, on December 17, 2013, the Court ordered the parties to submit summary-judgment-type evidence regarding the amount in controversy at the time of removal, September 4, 2013, to the Court by Monday, December 23, 2013.[17] On December 23, 2013, both Plaintiff and Defendant separately filed memoranda regarding subject matter jurisdiction with the Court.[18]

## II. Arguments

### A. Plaintiff's Memorandum Regarding Subject Matter Jurisdiction

In Plaintiff's December 23, 2013 memorandum to the Court, Plaintiff's counsel notes that "[t]he medical bills *currently* in our possession associated with treatment for the dislocated shoulder total approximately $45,000.00."[19] Plaintiff's counsel, however, also explains that "the attached billing also included treatment to plaintiff's left knee, which we did not include in the approximation of medical specials for this claim."[20] Rather, "[m]edicals inclusive of the $45,000.00 is for treatment

---

[13] Rec. Doc. 1 at p. 6 (emphasis added).

[14] *Id.* at p. 5.

[15] Pursuant to the Court's standard scheduling order, it meets with the parties 45 days after issue is joined.

[16] Rec. Doc. 11.

[17] *Id.*

[18] Rec. Docs. 12 and 13.

[19] Rec. Doc 12 at 2 (emphasis added).

[20] *Id.*

3

of the dislocated shoulder only" even though "Plaintiff had a pre-existing knee condition that was aggravated in this accident, and again in subsequent incidents."[21] These medical records were received by Plaintiff's counsel in April of 2013, and June of 2013.[22] Additionally, Plaintiff's counsel asserts that it "was also made aware that Plaintiff *was going* to assert a lost [sic] wage claim."[23] This would cover wages lost since July 25, 2012, the date of the accident.[24] However, Plaintiff's counsel also notes that Plaintiff was "laid off in January 2013 because of cut-backs being made by her employer Huntington Ingalls, Inc."[25] Furthermore, although "it was known back on [the date of removal] that a loss wage claim was in existence," "no documentation had been received at that time" by Plaintiff's counsel.[26]

**B.   Defendant's Memorandum Regarding Subject Matter Jurisdiction**

Defendant acknowledges that "[a]t the time of removal, Defendant was informed Plaintiff's medical expenses totaled in excess of $20,000.00," but still argues that "[t]he specific injuries and damages alleged in Plaintiff's Petition for Damages are sufficient to satisfy the amount in controversy requirement under Fifth Circuit precedent."[27] According to Defendant, this is because "[a]t the time of removal Defendant provided a quantum valuing general damages for similar injuries ranging from $50,000-$150,000" and because "[a]t the time of removal, Plaintiff's counsel informed

---

[21] *Id.* at 2–3.

[22] *Id.* at 3.

[23] *Id.* (emphasis added).

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] Rec. Doc. 13 at 1.

4

[sic] the amount in controversy was in excess of $75,000.00."[28]

Specifically, Defendant argues that in *Gebbia v. Wal-Mart Stores, Inc.*,[29] where the Fifth Circuit found the claimed damages in excess of $75,000, the injuries to the plaintiff were not as severe as they are here.[30] In *Gebbia*, according to Defendant, "plaintiff alleged injuries to her wrists, knee, patella, and upper and lower back."[31] Here, according to Defendant, "Plaintiff's alleged damages are more substantial than those in *Gebbia*," because "Plaintiff alleges she 'violently fell' and 'as a direct result of the slip and fall, . . . sustained physical pain and suffering including but not limited to, dislocated shoulder, shoulder pain, arm pain, and shoulder surgery.'"[32] Defendant also asserts that, "Plaintiff's alleged damages mirror those in *Gebbia*."[33]

Defendant also points out that it "was aware Plaintiff's medical expenses *alone* totaled in excess of $20,000, and has *since* been informed [they] totaled $45,000 at the time of removal."[34] Thus, Defendant argues that "the minimum Defendant must establish in general damages is $30,000.00."[35] Defendant suggests that this amount is met because "Defendant's Notice of Removal contained a quantum valuing general damages for similar injuries ranging from $50,000.00-$150,000.00."[36] Finally, Defendant argues that "before removal, Plaintiff's counsel informed [sic]

---

[28] *Id.* at 2.

[29] 233 F.3d 880, 882–83 (5th Cir. 2000).

[30] Rec. Doc. 14 at 3.

[31] *Id.* at 2.

[32] *Id.* at 3.

[33] *Id.*

[34] *Id.* at 4 (emphasis added).

[35] *Id.*

[36] *Id.*

5

the amount in controversy was 'greater' than $75,000."[37]

### III. Law and Analysis

**A.     Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.[38] The removing party bears the burden of demonstrating that federal jurisdiction exists.[39] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[40] If any doubt remains as to jurisdiction, the Court should construe ambiguities against removal and remand the case.[41]

**B.     Amount in Controversy**

Pursuant to precedent articulated by the United States Fifth Circuit Court of Appeals, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[42] When the plaintiff alleges a damage figure in excess of the required amount

---

[37] *Id.* at 5.

[38] *See* 28 U.S.C. § 1441(a).

[39] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[40] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[41] *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979) ("[I]t is axiomatic that ambiguities are generally construed against removal. . . .").

[42] *See Allen*, 63 F.3d at 1335.

in controversy, "that amount controls if made in good faith."[43] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[44] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[45]

Nevertheless, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[46] A plaintiff is, however, permitted to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.[47] When, as here, the plaintiff has alleged an indeterminate amount of damages, Fifth Circuit precedent requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[48] "The jurisdictional facts that support removal must be judged at the time of removal."[49] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[50] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; "[the] defendant must prove by a preponderance of the evidence that

---

[43] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[44] *Id.*

[45] *Id.*

[46] *See* La. Code Civ. P. art. 893.

[47] *Id.*

[48] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[49] *Gebbia*, 233 F.3d at 883.

[50] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

the amount in controversy exceeds [$75,000]."[51] The damages cannot be speculative; rather, the evidence furnished "must prove by a preponderance of the evidence that the amount in controversy" meets the jurisdictional threshold.[52] The jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[53]

**C.     Analysis**

In its Notice of Removal, Defendant states that "it has met its burden of showing by a preponderance of the evidence the amount in controversy is expected to exceed the sum."[54] The only dollar amount Defendant points to specifically relating to this case is the cost of Plaintiff's medical treatment at the time of removal. Defendant does not explain the medical treatment that Ms. Aldrich has received but states that medical expenses total approximately $20,000—well below the $75,000 jurisdictional threshold.[55] Defendant also notes that Ms. Aldrich's lawyer "was not willing to stipulate his clients' claims do not exceed $75,000, exclusive of fees and costs."[56] However, a failure to stipulate is not conclusive evidence that a claim exceeds $75,000.[57] On the other hand, Defendant produces an email to Plaintiff's counsel dated September 3, 2013, the day before Defendant filed

---

[51] *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

[52] *Id.*; *see also*, *Allen*, 63 F.3d at 1336 ("A 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard.").

[53] *Allen*, 63 F.3d at 1335.

[54] Rec. Doc. 1 at 6 (emphasis added).

[55] *Id.* at 4.

[56] *Id.*

[57] *See, e.g.*, *Carbajal v. Caskids Oil Operating Co.*, CIV. A. 05-5966, 2006 WL 1030392 (E.D. La. Apr. 18, 2006) (Africk, J.); *Buchana v. Wal-Mart Stores, Inc.*, CIV. A 99-2783, 1999 WL 1044336 (E.D. La. Nov. 17, 1999) (Vance, J.) ("Although some courts have considered failure to stipulate in deciding whether to remand, courts in this district and others have found that that factor alone does not satisfy a defendant's burden.")

its Notice of Removal, in which Defendant's counsel states, "We will be removing the case to federal court unless you agree to stipulate the amount in controversy does not exceed $75,000. Please advise of your willingness to stipulate."[58] To this, without pointing to any evidence, Plaintiff's counsel replied, "She had a shld surgery; meds are a little over 20000; it is greater than 75000."[59] Although precedent makes it clear that the plaintiff remains the master of his complaint, the Court finds this email, which points to no supporting evidence, mere speculation of what the amount in controversy could be, not what it was at the time of removal. Moreover, "parties by consent cannot confer on federal courts subject matter jurisdiction."[60] The Court finds the email chain here to be more representative of some sort of mutual consent to federal court jurisdiction rather than the establishment of an amount in controversy exceeding $75,000.

While in its Notice of Removal Defendant points to cases that it argues are relevant to the amount-in-controversy analysis,[61] the cases cited by Defendants appear distinguishable from this case in that they do not appear to involve the same injury or damages as alleged here. As explained above, Defendant must submit summary-judgment-type evidence that establishes that the actual amount in controversy exceeds $75,000 at the time of removal. The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional amount; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000 at the time of removal. No evidence put forth by Defendant shows that the shoulder injury

---

[58] Rec. Doc. 1-2 at 2.

[59] *Id.*

[60] *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 851 (U.S. 1986); *see also Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998) (noting that "parties cannot waive lack of [subject-matter] jurisdiction by express consent, or by conduct, or even by estoppel") (quoting 13 WRIGHT ET AL. § 3522, at 66–68).

[61] Rec. Doc. 1 at p. 5.

here is the same kind of shoulder injury in the cases Defendant cites. For instance, in cases cited by Defendant, the plaintiffs suffered torn rotator cuffs and additional injuries or pain (e.g., neck pain and/or chronic headaches) which do not appear to be at issue here, and in some cases, underwent multiple surgeries whereas here there were no multiple surgeries. Defendant provides no information indicating that Ms. Aldrich suffered a torn rotator cuff, that Ms. Aldrich experiences symptoms or pain in addition to shoulder and arm pain, or that Ms. Aldrich had undergone a second surgery at the time of removal.

While Ms. Aldrich seeks damages for pain and suffering, loss of enjoyment of life, and inconvenience, these categories of damages are inherently speculative and difficult to quantify, and because the cases cited by Defendant are distinguishable, they do not provide clear guidance to the Court on what general damages are in this case. Although these categories of damages could potentially bring the amount in controversy over $75,000, they are speculative and so are insufficient. The Fifth Circuit has explained that "[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard."[62] Accordingly, Defendant has failed to show that these damages would more likely or not meet the jurisdictional threshold determined at the time of removal.

## IV. Conclusion

Federal courts are courts of limited jurisdiction, and thus "removal statute[s] should be strictly construed in favor of remand."[63] In this case, Defendant has the burden of proving by a preponderance of the *evidence* that the amount in controversy exceeded $75,000 at the time of

---

[62] *Allen*, 63 F.3d at 1336.

[63] *Manguno*, 276 F.3d at 723.

removal.[64] Defendant has only offered that at the time of removal, Plaintiff had incurred $20,000 in medical expenses and was alleging entitlement to general damages. Defendant cites state case law to indicate Plaintiff might be entitled to damages in excess of $75,000 but provides no evidence to support its speculations—conclusory statements not supported by evidence are insufficient to prove by a preponderance of the evidence the amount in controversy exceeds $75,000 at the time of removal.[65] Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is remanded to state court.

**NEW ORLEANS, LOUISIANA**, this 28th day of May, 2014.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[64] *Gebbia*, 233 F.3d at 882; *Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[65] 28 U.S.C. § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Thus, under the removal statute, defendants can wait until they have sufficient evidence to establish subject matter jurisdiction before removing the case to federal court as long as they do so within one year of commencement of the action. *See* 28 U.S.C. § 1446(c)(1).